■ LIBERTY COURT CONDOMINIUM RESIDENTIAL UNIT OWNERS COALITION et al., Appellants, v BOARD OF MANAGERS OF LIBERTY COURT CONDOMINIUM, Respondent. [772 NYS2d 6]—

Order, Supreme Court, New York County (Paula Omansky, J.), entered June 26, 2003, which denied plaintiff condominium unit owners' motion for partial summary judgment on their cause of action to compel the defendant Board of Managers to amend the condominium's bylaws so as to provide for a method of nomination of candidates for election to the Board, unanimously modified, on a search of the record and on the law, to grant the Board summary judgment dismissing such cause of action, and otherwise affirmed, without costs.

Under Real Property Law § 339-v (1) (a), a condominium's bylaws must "provide for . . . [t]he nomination . . . of a board of managers." Insofar as pertinent, the condominium's bylaws provide that members of its Board are to be elected at each annual meeting of its unit owners, and that the meetings of unit owners are to be governed by the current edition of Robert's Rules of Order, or any other rules acceptable to a majority of the unit owners present at the meeting. The current tenth edition of Robert's Rules of Order (2000) provides that in the absence of a bylaw or an established custom prescribing a nominating process, nominations are to be made from the floor or as otherwise directed by a vote of the society at the time of each election (at 556). It further appears that 30 days before an annual meeting, defendant Board distributes a notice to plaintiff unit owners with the names and biographies of the persons standing for election to the Board, and advising that any unit owners can submit their names to the Board or present themselves at the meeting as a candidate. We reject plaintiffs' arguments that calling for nominations from the floor at the time of an election is not a fair and effective method for nominating a board of managers, and that the bylaws' provision therefor by way of a reference to Robert's Rules of Order does not comport with the statutory requirement that the bylaws provide for the nomination of a board of managers. We also find that the premeeting notice that defendant customarily distributes before the annual meeting is in accord with the above-mentioned provision of Robert's Rules of Order, and gives fair and effective notice thereof. Accordingly, on a search of the record, we grant partial summary judgment to defendant Board dismissing so much of the complaint as seeks to compel it to amend the condominium's bylaws so as to provide a method of nominating candidates for its membership. Concur—Saxe, J.P., Ellerin, Lerner and Marlow, JJ.